Thank you, Greg. Our next case is number 21-1858, In Re Robert Szczyporski and Bonnie Szczyporski. Mr. Litvak? Yes, Your Honor. Good morning. May I please report, I would like to reserve three minutes for a rebuttal, please? Granted. Thank you. So, I would like to start with a brief introduction. This case is about a bankruptcy priority. And although some of the merits of this case have been litigated before, all the way up to the Supreme Court, they were looked at from a different angle, from a constitutional point of view. And my assertion is, and our argument is, that a Supreme Court case, especially the National Federation case, that addressed the same issue in the Supreme Court, did not address the applicability of the standards or applicability of its funding to bankruptcy sphere of the jurisprudence. It only addressed, narrowly addressed, I should say, the constitutionality of the share of responsibility payment for constitutional purposes. Let's assume that we agree with you about that distinction between the constitutional evaluation and the statutory evaluation. Isn't it still true that that NFIB versus Sebelius case is instructive, even though not controlling? There are a few. I agree with you, Your Honor. It's very helpful. But our point is that it takes the whole review of this statute. We have two statutes here at work. We have a bankruptcy court, a bankruptcy code on one end, which is Section 507, which deals specifically and only with priority. Effective administration of the estate, that's all bankruptcy court does. And then on the other hand, we have a provision of the IRC, Internal Revenue Code, which specifies what this penalty is. So there are two statutes at work. I don't think the Supreme Court ever looked at interplay of those two sections, two statutes, how they would apply in a bankruptcy proceedings. I don't think that any of the arguments were made regarding bankruptcy, nor could the Supreme Court consider any of the arguments. And there's absolutely no evidence that that case was considered to be applicable in a bankruptcy settings. But you do know, Counsel, that in the opinion itself, the court relied on, I think, two bankruptcy cases when it did its analysis about whether this was a payment that was within the tax and authority of Congress. You agree with that, right? I do agree with that. And that's what it should be really flattering to this court, because one of the cases that they cited was a health care case from this court. Again, when you have no applicable standard, when their standards are all over the place, I mean, you look through the bankruptcy, the bankruptcy sphere is really structural. I mean, it's great that this court actually addressed the same issue in health care system and came up with the standards. As you know, there are multiple standards that courts were struggling with, in my opinion, to determine the function of if it's a tax or a penalty. And the Supreme Court, yes, they applied some of the tests, even from health care from this circuit. But it doesn't mean that this decision applies to bankruptcy jurisprudence. Absolutely no evidence. What I think you're saying, though, is at a minimum, the functional analysis in UnitedHealthcare is what should provide the standard that we should look at, right? Well, I mean, we are still in the Third Circuit, yes, and the UnitedHealthcare system analysis should definitely be applicable to this and distinguish, help us understand what this exaction really is. I mean, if it's a tax and it's afforded priority is one thing, if it's a penalty and it's not afforded priority in bankruptcy, it's another thing. Well, let's look at the function of the SRP for a second. One of the things that we know is that the payment of the SRP can be much less than the payment for insurance, and penalties are usually punitive. So how is that a, how is the SRP punitive when it might be less than the alternative? Well, first of all, right now it's zero at this point, so you can't go beyond zero. I'm talking about during the operative period. During the operative period, again, I don't know if the payment of SRP was always lower than the cost of the insurance. That is not because, I mean, you could definitely go with really, really high deductible and that way, I mean, you could definitely reduce the cost of the insurance. But during the applicable period, there were some people who didn't make a choice not to buy insurance. They were just forced into the situation by necessity. They couldn't afford it. Their employers weren't providing the health insurance to them, and they didn't have any other choice. Remember, they had the federal government set up a program where they could exempt, you can actually apply for exemption from SRP payment. If you have hardship, if you're in bankruptcy, if you're insolvent, there are certain rules that you have to go by, but they provided a time period for a debtor or for a person to apply for that exemption if you missed that period. It wasn't your choice not to apply. I mean, you could be upside down, you could be insolvent, and you absolutely cannot afford to pay health insurance. And by default, you're pushed into this category of people who have to pay SRP. And that's a big distinction. When somebody makes a choice and says, well, if I go on a marketplace and I see that insurance costs $1,500, yes, and I don't want to have insurance, I would rather pay SRP, which is $900 or $800. But I'm not sure it was always the case during the applicable period. Because, again, at that time you could go with higher deductible insurance and achieve approximately the same cost. What about the fact that someone who fails to pay the SRP just elects not to do it? It appears that the IRS cannot use its typical collection tools. It can impose a criminal sanction. So isn't that another factor that we should look at to determine whether this is more like a tax than a penalty? Well, thank you, Your Honor. But I think this argument gives more value to the argument that it's actually a penalty versus a tax. Because, again, taxes are normally collected to the full extent. I mean, I can't find a single example in IRC, in Internal Revenue Code, where income tax or excise tax or otherwise is not collected, there is no penalty on collection. I mean, this exaction is an animal by itself. Yes, it has some elements of the penalty. It has some elements of the tax. But it's not a pure tax. It's not closer to the tax, not closer to the penalty. Because, again, the IRS did not, you file, you have to file that exaction or those numbers or make that election on your tax return. Other than that, it has no applicability to income tax whatsoever. I mean, yes, I mean, one of the factors is income of the individual who is filing. But also the household size. I mean, there are so many factors, six or seven factors that are applicable here. It definitely sets it apart from a typical tax. And the collection, and the fact that it was reduced to zero. Again, you can't find any other taxes in IRC that are still in the books and they were reduced to none. Well, part of the tax act that this was part of where it got reduced to zero, there were other types of taxes that were also reduced down to zero. That doesn't mean they weren't taxes at the time. The fact that they're zero doesn't mean it's lost its attribute of being a tax. I'm not talking about the SRP. I'm talking about the other ones in the code that were also affected by that tax law. Thank you. But, again, there's not a single other tax, income or excise tax, that was reduced to zero and that would remain on the books. If they wanted to reduce the rate, yeah, there was a reduction. Corporate taxes were recently reduced and now I don't know what's going to happen to them. So, I mean, taxes are fluctuated and they're reduced by Congress or increased by Congress at their will, whatever they decide. But it never goes down to zero. Versus penalty. And I'll give you an example. During the recent pandemic, actually, Congress authorized zero penalty for withdrawal from IRA. So, if you have a hardship, if you are affected, you could withdraw your IRA. You can make a withdrawal from the IRA with zero penalty. And that's an important sign that they consider this Obama or they consider at the time of this statute, Obamacare penalty or, as we say, shared responsibility payment, more as a penalty. More to affect how people were behaving, how they were buying insurance, how they were forcing people to be active in that decision making. Unfortunately, when it comes to bankruptcy, it's so different. It is a different perspective now. Because we have a daughter who has nothing to do with any of the policy implications that the government had at the time of this statute. Right now, we're talking about effective bankruptcy state administration. And at this point, it's easy. Priority, if it's priority. If it's taxes, it's priority falls within a category. And it has to be paid during the applicable period, during applicable confirmed Chapter 13 plan. If it's not, if it's a penalty, it falls into a regular bucket of all the other unsecured creditors. And this is where my opponent is in a district court is making an argument that, well, a concept of constitutional avoidance should prevail as from arguing that could be taxed for constitutional purposes. And it could be penalty for for bankruptcy purposes, although the Supreme Court found that for anti injunction act, it was actually a penalty. So, this is where my argument is that because we're dealing with this business bankruptcy administration of a state, it can actually be a penalty for bankruptcy purposes. Because if it's unsecured and non-priority debt, it will fall with a bucket of other unsecured and non-prioritized debt. But if you, if you put it in a priority, obviously we'll have to pay it. I appreciate the difficulty inherent in interpreting this because as you say, the nomenclature used in the statute is is not always a given right on this particular provision is under excise taxes. But I assume you say that's not controlling, right? It could still be a penalty, even though it's called an excise tax, correct? Well, in the statute in IRC itself, it's called a penalty. It is under the penalty provisions, and it's together with other penalties. It's actually, it's labeled penalty. I know we have to look. I thought it was under the section called other excise taxes. Is that not right? It might be, it might be lumped together in the court with other excise taxes, but it's labeled as penalty. Counsel, when you're using the word label, you're saying that the text of the statute uses the word penalty. Judge Hardiman is asking you about whether this payment is categorized within the subchapter D of where it's excise taxes are popped in. Yes, Judge, I think you're correct. I mean, it's, it's, it's lumped together with all the excise taxes. And even if it's lumped together with the excise taxes, it still might be something other than an excise tax. It might be an income tax or not. Even in other words, the label is not dispositive. You would agree, right? Okay, I agree with that. So, so we keep, we keep coming back to the functional analysis, which I want to give you a chance to address the lower suburban factors, because I think that's the methodology. Perhaps we should be using here, isn't it? Yes, I mean, so there are six factors that are applicable to this, to this case. And again, the first four factors, which are applicable to in other tests as well. I mean, any exaction, anything, any tax or penalty can meet first four categories of the test. So whether the payment is a voluntary burden. Yes, I mean, any exaction couldn't be that. Whether it's imposed under the authority of the legislation. Again, any exaction can be that. Whether it's for public purpose. I mean, this is where you can make an argument that it's not, it's not really 100% for public purposes. Although, I mean, there are some cases where they say that public purposes can be broadly defined, including the fact that, you know, we are trying to encourage some behavior. I mean, that's, that's, that could also be a public purpose. Where I'm alleging it fails, it fails on the fifth and sixth elements of the test. But even if, even if we agree with you, it fails on the fifth and sixth, you kind of did a drive by on the first four. Are you suggesting that the first four are in equipoise, they don't favor either side? I don't quite understand your point on the first four. Are you conceding the first four go against you? No, what I'm saying is that any exaction, tax or penalty, I mean, you take anything that the government slaps on you, income tax penalty or otherwise, it will satisfy first four of the test, regardless of what it is. I don't, I don't know about, let me challenge you on that a little bit because the fourth factor, it says it was, it was levied under Congress's taxing power, correct? Correct. Well, Congress imposes a tremendous number of penalties outside the taxing power, doesn't it? For example, in the criminal code, Title 18. Correct. So I don't understand, I don't understand your argument that, that, that if it's levied under Congress's taxing power, that it, that a penalty naturally fits under that. I don't, I don't understand that. Well, I'm not, we're not, we're not discussing criminal, I'm only discussing that. And I appreciate your question. I'm only discussing the tax aspect of that. So, I mean, when Congress, when Congress adjudicate, well, I went, when Congress come up with, comes up with an income tax statute or exercise tax statute, that statute is under the Congress's taxing power. And I'm a little beyond my time, I'm 16 minutes now. That's okay. Do you continue? Yeah, absolutely. And let me ask you about three, sub-factor three, because levied for public purposes, the way I interpret that, perhaps you disagree, but is that, is it something for the general public good? And here, it would seem the shared responsibility payment is for the general public good or was intended for that because the idea of Congress had in mind was that if people aren't going to buy health insurance, then they're going to throw money into the pot. And even if it's in, in smaller increments, those $600 increments add up to a large sum if it's millions and millions of people making that SRP. And that's distinguished from a penalty, which is more of a private or an individualized assessment to punish somebody for improper conduct. What's your response to that distinction that I'm perceiving? Well, again, I think you're drawing the distinction that it has to be a penalty, has to fall more on a legal point of view. So it has to be more illegal. I think that Justice Roberts was also concerned with that. But again, they covered it in constitutional. Well, let me give you another example. IRA withdrawals. I come back to this because a lot of people, more people use IRA withdrawals during hardship, when they buy their first home and all that, and statute allows that. It's not illegal to withdraw your IRA. It's definitely not illegal to raid your IRA or 401k. But the government has incentivized not to do that because they want people to have retirement income. So I mean, this is similar. So people could not afford to buy insurance. And yes, government wanted them to affect their acts, and they wanted them to buy health insurance, but some individuals just couldn't afford it. I mean, and they didn't buy it because they wanted specifically, they made a choice and they wanted to be this shared responsibility payment. They just couldn't afford to buy health insurance. And they missed that window. They were in bankruptcy or they were insolvent and facing bankruptcy down the road, as my daughter here in this case. I mean, their bankruptcy was looming, even though they had income in 2016 or 17 during this applicable time. Their insolvency was questionable. That's what led to bankruptcy. And the fact that government gives you a specific exemption for bankruptcy, if somebody was insolvent in bankruptcy or had health issues, but they had to apply for that exemption, it's more indication that government was treating it as a penalty as well, not as a tax. Okay. Thank you, Mr. Litvak. If Judge Schwartz and Judge Smith don't have any questions now, we'll hear you on rebuttal. Thank you. Ms. Boyster. May it please the court, Pooja Boyster on behalf of the United States. The shared responsibility payment in Section 5000A is a tax entitled to bankruptcy priority. Pursuant to the Supreme Court's precedent in CF&I, the applicable test for determining whether an exemption is entitled to priority is a functional one that looks beyond the label. Under that functional analysis, the shared responsibility payment is a tax. NFIB is controlling here because it applied that same functional analysis in ruling that the shared responsibility payment is constitutional as a tax, and it relied on bankruptcy cases, including CF&I, to hold that it was a tax. The shared responsibility payment also is a tax under this court's decision in UnitedHealthcare. That case asked whether there is any direct correlation between the exaction and a benefit specific to the payor. There is no such specific benefit to any payors of the shared responsibility payment that would take it away from being a tax. Finally, under the Bankruptcy Code, the shared responsibility payment is a tax entitled to priority because it is either an excise tax on a transaction or a tax on or measured by income. To the extent my friend wants to argue that this case does not fall under the confines of NFIB, he disregards the fact that the court in that case applied the very same functional analysis and, as Judge Schwartz pointed out, relied on bankruptcy priority cases. If we can talk about NFIB in another component of the opinion, and I want you to look at just the Anti-Injunction Act analysis, and definitely correct me if I'm reading it incorrectly, but the majority opinion on the Anti-Injunction Act analysis looked at the text that Congress selected for the Anti-Injunction Act, said the word tax was the word used in that statute, and then looked at the language in Section 5000A and saw the word penalty and concluded that because Congress was the wordsmith, chose the words, it wasn't a tax for Anti-Injunction Act purposes and that they decided to defer to the language. Here, substitute Anti-Injunction Act for Title 11 statute and priority in the word tax, shouldn't the same analysis apply? And if not, tell me why. No, Your Honor, we don't think that the same analysis would apply. Because in Anti-Injunction Act purposes, as you said, the court always looks to the exact label Congress has provided. So, for example, because the shared responsibility payment was labeled a penalty in the statute, that was it. That was the end of the court's analysis. But the court said, if that is not the same analysis that applies for its constitutional analysis, or as we now know, in the bankruptcy priority analysis, the Supreme Court said it could read even an exaction that was labeled a tax as a tax, while the functional aspect of that tax, that exaction, may not be a tax. So, for example, they gave the example of the Bailey cases, right? And that's not what the court does when it comes to the constitutional analysis. So, are you saying that the Anti-Injunction part of the opinion was simply looking at the scope of that statute alone, but when it left the scope of that provision, it then looked at, is something a tax for constitutional purposes, we apply the functional analysis? That's right, because for any functional analysis, courts look beyond the label. And because both the constitutional test and the bankruptcy priority test are functional tests, they look beyond the label. My friend also notes that NFIB is not as persuasive, because here we have a situation where debtors may be not, you know, this is not a typical statute, it's trying to affect conduct. But the court in NFIB looked at that factor, and it said, taxes that affect conduct are nothing new, right? So, for example, Congress has implemented tax on cigarettes, and shot off shotguns. Those are taxes that affect conduct, that does not make the shared responsibility payment any less a tax. There was also mention of the reduction to zero dollars, and why that would make this more akin to a penalty than a tax. But this court in UnitedHealthcare said Congress's ability to manipulate the dollar amount of an exaction makes it more like a tax. And that's exactly what Congress did here. Would it be both an excise tax and an income tax at the same time, or does it have to be one of the? Does it have to be an income tax and an excise tax on a transaction? Is that your question, Your Honor? No. Could this be an income tax and an excise tax at the same time, or does it have to be one or the other? I'm assuming you don't want it to be a penalty. Well, but for purposes of this court's analysis in terms of bankruptcy priority, it has to be one or the other, because either it receives priority treatment or it doesn't. If it's an income tax or excise tax on a transaction? Well, no, no, no, no. I think you're reasoning backwards there. I'm asking you at the outset, can a tax be both an excise tax and an income tax, or is it just one or the other? We think it can be either, because in this case, for purposes of... I'm sorry, I'm not making my question clear. Forget about this case for a minute. Are there taxes that exist in our code that are both income taxes and excise taxes at the same time? Not that I'm aware of, Your Honor. I don't know anything that's both the same income and excise tax. All right, all right. And I assume you would agree that this tax, what you're calling a tax, what Mr. Litvack is calling a penalty, is assessed in variable ways depending upon the taxpayer's income level, correct? That's right. How could this possibly be an excise tax? It's an income tax, isn't it? How could it be an excise tax? If it's variable, if some people pay nothing based on their low income, and then other people pay a different amount based on their income, and then there's a cap on the high end, isn't this... how could this be an excise tax and not an income tax? We agree, Your Honor, that this very much looks like an income tax. We also think that this looks like an excise tax on a transaction because of two things. Excise tax is defined broadly... What transaction does somebody engage in when they don't buy insurance? The Supreme Court said something very specific in NFIB as it relates to this discussion. It said the triggering event for payment of the shared responsibility payment is earning enough income but not having health coverage. That is what we think is the transaction for purposes of excise tax on a transaction. I'm sorry, what's the transaction again? It sounded like you described a status, the status of not having enough income. I'm asking, what is the transaction? Earning enough income but not having health coverage. So the discrete act is earning enough income. But not having health coverage. Yes, just like the court in Williams said, the transaction... Someone who earns X income and does not have health insurance, that's a transaction? That's what the Supreme Court said was a triggering event for payment. They didn't call it a transaction though, did they? They called it a triggering event, Your Honor, and transaction has been defined broadly enough to encapsulate terms like that. But even if this court is worried that there is no specific action here, we think transaction can be read broad enough to include inaction. And that's what happened in the Fourth Circuit case in Williams. So an excise tax is an income tax, inaction is a transaction. I mean, this is really through the looking glass, isn't it? We don't think so, Your Honor. I mean, this court in Calabrese defined excise tax itself very broadly, any total tax. And we know that transaction also has been defined very broadly. Congress's intent when using the phrase on a transaction was to encapsulate any tax not otherwise covered in Section 50788. On a transaction has a very separate purpose here. It is a means of measuring the three-year time limit during which such claims receive priority. It is not a means of excluding otherwise eligible excise taxes. So you're saying the word transaction in 50788, the word transaction there, as I think you were saying, is a timeframe for when a discrete act, use of property or privilege occurs. That's right, Your Honor. Okay, then we go to, all right, what is a discrete act, use of property or exercise of a privilege? That's what makes it an excise tax. You're saying the earning of income is the act, correct? Yes, and that was based off of the court's definition of the triggering event in NFIB. But if this court were to ask, what is the privilege here? What is the choice that was made? We also think transaction can be brought up to include the choice of not obtaining health insurance. That is a privilege that we've also argued. Do you have to win on the excise tax point, given the fact that the proof of claim was categorized, the SRP owed by the debtors here as an excise tax? No, Your Honor. Because are you stopped from now arguing it's an income tax when the proof of claim says it's an excise tax? Not at all, Your Honor. This court said in Sostek, res judicata applies to bankruptcy confirmation plans where there is finality. No, no, no, I'm not asking the counsel, I'm not asking about finality, I'm not in res judicata land. You went to the bankruptcy court, put in a proof of claim, proof of claim was for an excise tax. Taking that position, does that limit the government from now arguing it's an income tax? No, Your Honor. The proof of claim did list this specific as an excise tax, but at the point that this was briefed in front of the bankruptcy court and to which taxpayer had an opportunity to respond, we argued that it was either an excise tax or an income tax. Okay, got it. Now, how do you reconcile, though, I think to point to a chart and what it's bringing to your adversary's attention, that the SRP is bucketed in miscellaneous excise taxes, not in the subchapter that deals with income taxes? And how do you deal with the fact that on your 1040, you don't report it on the income tax part, you put it on the other tax part? Should any of those factors influence the functional analysis test you think we should apply here? We don't think so, Your Honor. Section 7806 of the IRC says that there can be no inference from the organization of the code. So the fact that this shared responsibility payment appears under the excise tax heading does not mean that this cannot also be an income tax. Thank you. Could you address the factors that we asked Mr. Litvak to address, the six factors? Yes, Your Honor. And you asked specifically about the lower suburban test, which, like you said, is a six factor test. This court in UnitedHealthcare said it would not be constrained by those six factors, and instead would consider any applicable factor. As we've discussed, we think UnitedHealthcare is directly on point here because there's no such correlation that would take this out of being a tax. This is not, the shared responsibility payment is not a reimbursement for any specific benefit to the payor. That same analysis would apply to lower suburban factors, right? So lower, as Your Honor has discussed with counsel for taxpayer, the four factors, which are pecuniary or bear burden on individuals without their consent for purpose of supporting the government. We think the shared responsibility payment meets all those first four factors. It supports the government, not just because it tries to affect conduct, but as the Supreme Court in NFIB said, it raises northward, I think of $40 billion is what it said. That for sure is a public benefit that is supporting the expenses or to bring government undertakings, which was the standard this court used in UnitedHealthcare. We also think the shared responsibility payment meets the last two factors from suburban, which are that it is universally applicable, right? This tax applies to anyone who does not have health insurance coverage, and it does not affect other private creditors. There's no comparable private creditor here. What about Mr. Litvack's argument that the first four factors would apply equally to a penalty or a tax? What's your response to that? I don't think that's the case, Your Honor, because the Supreme Court and CFNI applying those first four factors determined that what was labeled a tax was actually a penalty. So it can't be that every time those first four factors are used, the outcome will always be taxed. I just want to take a moment to talk about why those other things that Mr. Litvack said would make this less like an income tax, because it, for example, it excludes certain populations like members of Indian tribes. I don't think that that can affect the analysis here because the federal income tax itself considers factors besides income, right? It considers things like number of dependents, adoption expenses, marital status. So to the extent that this is a statute that makes exceptions, that's not rare for income taxes to do. There are no further questions. We rest on our briefs and thank the court for its time. All right. Thank you, Ms. Boister. We'll hear rebuttal from Mr. Litvack. Thank you, Your Honor. So there are a few points. I'm not sure if I'm live. A few points that my opponent raised. Well, let me address this excise tax on a transaction real quick. She said that a transaction itself is earning an income. Sometimes you don't earn an income, you have a cancellation of indebtedness, which is, you didn't do anything. You just, somebody, your creditor canceled your debt and this is implied as your income. So I don't see this as being excise tax on a transaction because, again, inaction cannot be by definition a transaction. You have to do something. You have to make a choice to be considered a transaction. But I would also argue that this is not an income tax. This is not a straightforward income tax. Before you address the income tax, I'm interested in Judge Schwartz's question about the proof of claim. Do you have any support for the notion that the proof of claim, identifying it as an excise tax, precludes the government from making this an income tax? Especially when, you know, apparently the bankruptcy court didn't see any problem there because the bankruptcy court teed up the issue of income tax. But what's your argument on that? Well, I mean, there are a few arguments that I can make. First of all, I mean, if it is a, there is no case in this circuit that would say that government can re-argue its position post-confirmation. On the opposite, there is a case that said post-confirmation, the issue cannot be litigated. That's a conclusive determination of the issue. At the time this proof of claim was filed, there was another pending case in the Fifth Circuit. And as a dicta, the Fifth Circuit said, oh, it could be an income tax as well because it fits comfortably. And this is when IRS changed its position from excise tax to an income tax. That was way, way post-confirmation. At the time of the confirmation, what we're saying with the argument is that at the time of the confirmation, we incorporated by reference the language of the claim. And since then, the claim hasn't been amended. Actually, in other cases, since my case was filed, they now file that it could be either excise tax or an income tax. But our particular case, the proof of claim was filed as excise tax only. So that distinction was not made. And that change was made post-confirmation only. They didn't try to argue income tax before confirmation. They didn't object to my confirmation of the plan. And the plan itself contained the language that the issue is still up for grabs. It's still being decided. But the procedural history in the bankruptcy court made clear that all the arguments concerning the objections to the proof of claim or payment, regardless of the label, was not complete. So I don't know how you can argue that the government didn't, through its advocacy, make clear the different grounds on which it supported its proof of claim, despite what it did at the beginning of the case. Well, I mean, it's a different provision of the statute. I mean, excise tax on transaction is 54788E, and income tax, as I told you, it's a different subsection of the statute. Did you object, though, in the bankruptcy court that the government was limited to arguing it was an excise tax based upon the proof of claim? I did. Did you make that argument? Yes. And what did the bankruptcy court and the district court say? I don't think they addressed it. I don't think they addressed it. Did you raise that argument in front of us? I don't think so. I didn't see it. I could be wrong, but I don't remember seeing that. And as far as the argument that they are precluded from re-arguing that this is an income tax, no, yes, I raised that argument. No, no. To our court, did you raise an argument saying they are limited to the four corners of their proof of claim, that they can only argue it's an excise tax? Did you make that argument? In my reply brief, I indicated specifically that we incorporated the language of the claim by reference during the confirmation. That's a different argument. That's not an argument that says they can't argue in the alternative. I mean, I'm not trying to argue with you, but I think in my argument, a whole section is dedicated to the fact that they cannot re-argue their position post-confirmation. But that was in support of your position on res judicata, right, or collateral estoppel. But that's where I indicated specifically that they didn't change the claim. I mean, have they changed the claim to income tax post-confirmation? Yes, I would say yes. I mean, now we might have to look at that. But I made a specific argument that they haven't changed the claim. The claim still is excise tax up to this date. So they're still sticking to their—they're saying that it doesn't matter what it is. It's excise tax on transaction. Or it could be income tax, but it's not in their paper. It's not on their claim. The claim is still listed as excise tax. Thank you. I'm totally out of time. I'm not sure if I have permission to wrap it up. Absolutely. Go ahead. Wrap it up. Again, I believe our final argument just—I'll take a minute. This is a weird—I don't want to put the word weird, but this is a strange combination of some tax penalty, excise tax, income tax. This exaction does not fit comfortably into either category of this Supreme—either category under the IRC. It doesn't 100% fit in a penalty world. It doesn't 100% fit in a tax world. But if it does fit in a tax world, it's closer to excise tax. And your Honor made a good distinction of that. It's probably closer to excise tax on inaction, which is not a transaction. But even if we say this is a tax—excise tax on inaction, it should be afforded priority status in bankruptcy. Thank you, Your Honors. Thank you, Mr. Litvack. Thank you, Ms. Boister. The Court will—we appreciate your arguments. The Court will take the matter under advisement.